IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES EDWARD BALLARD | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. JFM-12-3270 |
| BEAU OGLESBY | * | |
| Respondent. | | |
| | *** | |

MEMORANDUM

On November 5, 2012, the court received the instant petition for habeas corpus relief. James Edward Ballard ("Ballard"), who is confined at the Worcester County Jail, presumably seeks to attack his open state charge of second-degree murder. Ballard argues that he received ineffective assistance of counsel when his attorney allowed the court to charge him with second-degree murder after he had been indicted. ECF No. 1. He accuses his attorney of negligence, raises a generalized claim of bias, and asks this court to grant him mandatory release. Ballard complains that it is not possible for him to obtain a fair trial in the Circuit Court for Worcester County. The attachments to the petition include: the unreported opinion issued by the Court of Special Appeals of Maryland in May of 2012, which vacated Ballard's conviction based upon the trial court's jury instructions; counseled appellate briefing submitted by Ballard's attorney; and a portion of the criminal transcript from the circuit court case. *Id*. at Attachments 1-3. Ballard has filed neither the $5.00 habeas filing fee nor an indigency application. He shall not, however, be required to cure this deficiency.

Ballard's primary reason for bringing this action is to challenge the active charges filed against him in the state court. The Maryland Judiciary Case Search website confirms that on May 9, 2012, Ballard's criminal judgment was vacated and the case was remanded for further proceedings on charges of second-degree murder and first-degree assault. Ballard was immediately transferred from State custody to the Worcester County Jail. The case has been reopened and a motion for

speedy trial filed on September 20, 2012. There is no record evidence that trial has commenced. *See State v. Ballard*, Criminal No. 23K10000484 (Circuit Court for Worcester County); http://www.casesearch.courts.state.md.us/inquiry.

To the extent that Ballard seeks court intervention in his pending state criminal proceeding, his action will be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and dismissed. Absent extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Pretrial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987). Ballard has not exhausted his state court remedies and has raised no exceptional circumstances for interfering with the Worcester County criminal case. Habeas corpus relief will be denied without prejudice.

When a district court dismisses a petition for habeas corpus solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not made the required showing and no certificate of appealability shall issue. A separate Order will be entered dismissing this action without prejudice.

Date:   November 13, 2012              /s/
                                        J. Frederick Motz
                                        United States District Judge